Cambria v. NHSP                    CV-01-195-B        10/11/01

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


**Jeffrey Cambria**

v.

Civil No. 01-CV-195-B
Opinion No. 2001DNH189

**Warden, New Hampshire**
**State Prison**


### MEMORANDUM AND ORDER

I have before me Jeffrey Cambria's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Cambria seeks to withdraw his 1997 guilty plea to driving while certified as an habitual defender, N.H. Rev. Stat. Ann. § 262:23, because his change-of-plea and sentencing hearings were tainted by irregularities which undermined his federal rights. The petition identifies two specific irregularities. First, he claims that the prosecutor did not live up to a bargained-for promise to recommend that his sentence be made concurrent with a different sentence Cambria was then serving. Second, he argues that his counsel was not licensed to practice law in the State of New Hampshire.

I will assume, solely for the sake of argument, that Cambria's claims implicate federal rights cognizable under 28 U.S.C. § 2254. Even so, I am obliged to dismiss the petition. 28 U.S.C. § 2254(d)(2) precludes federal judges from granting a petition premised on claims adjudicated on the merits in State court "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." In this case, Superior Court Justice Kenneth R. McHugh rejected Cambria's first claim on two, independent factual grounds: (1) that Cambria's guilty plea was in fact "naked" and not conditioned on an enforceable sentencing agreement; and (2) that Cambria's sentence subsequently was amended so that it now in fact does run concurrent with the prior sentence. See Exhibit K in Support of the State's Answer to the Petition. Justice McHugh also rejected Cambria's second claim by adopting the State's argument that, as a matter of fact, the plea was knowing, voluntary, and intelligent, and that, in any event, Cambria was represented by two attorneys, one of whom was licensed to practice in New Hampshire. See Exhibit N in Support of the

State's Answer to the Petition (adopting State's argument set forth Exhibit M). These factual determinations, which undermine the premises on which the petition's viability depends, are fully supported by the record.

Accordingly, I dismiss Cambria's petition for a writ of habeas corpus [document no. 1]. The Clerk is directed to close the case.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

October 11, 2001

cc:  Jeffrey Cambria, pro se
     Ann M. Rice, Esq.